

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00094-CV

_____

CHRISTOPHER CASTLEBERRY, Appellant

V.

NEW HAMPSHIRE INSURANCE COMPANY, Appellee

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 24,603

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Christopher Castleberry, acting pro se, has appealed from the dismissal with prejudice of his case attacking a review of an administrative proceeding involving the scope of his award for a work-related injury.

## I.      Factual and Procedural Background

Castleberry sustained back injuries on January 20, 2009, which were compensable and for which he received worker's compensation benefits. His prescribed medications were for depression, chronic pain syndrome, chronic myofascial pain, and for erectile dysfunction. The insurer, New Hampshire Insurance Company, eventually contested the applicability of these medications, and the Division of Workers' Compensation Review Board held that the compensable injury did not extend to or include these ailments and that Castleberry was therefore not entitled to reimbursement for those medications. *See* TEX. LAB. CODE ANN. § 410.251 (West 2006). Castleberry sought a judicial review of those rulings.

New Hampshire filed a plea to the jurisdiction in the district court on May 31, 2011. In that plea, it was alleged that because Castleberry had not requested specific relief for the underlying ruling on depression, chronic pain syndrome, or myofascial pain syndrome, the trial court had no jurisdiction to consider them. New Hampshire further argued that Castleberry had exhausted his administrative remedies only as to the ruling denying recovery for erectile dysfunction. Thus, New Hampshire asked the trial court to "recognize and limit the issues . . . and

hold the Plaintiff failed to exhaust his administrative remedies or seek judicial review for any alleged injuries (other than erectile dysfunction)." The trial court granted the plea and ordered the entirety of the suit dismissed with prejudice.

Castleberry appeared pro se both at the trial court and here. His brief states that he appeals the judgment, which granted a plea to the jurisdiction and dismissal of his case. He states that he was injured January 20, 2009, by falling from an oil rig truck and sustained a compensable injury, but in November 2010 New Hampshire ceased paying for some prescription medications. He requests this Court overturn the trial court's decision and require New Hampshire to continue to pay for his medication as prescribed by the "accredited worker's compensation physician Dr. Tom Mayer."

New Hampshire argues that Castleberry's brief is inadequate. We conclude the brief fairly apprises this Court and New Hampshire of Castleberry's claim that the trial court improperly granted the company's plea to the jurisdiction and further urges this Court to "overturn the decision" and rule that the company should pay for "reimbursements of medications."

## II.    Plea to the Jurisdiction

New Hampshire labeled its pleading as a plea to the jurisdiction and added the term "special exceptions." The relief sought, however, was jurisdictional in nature pursuant to Section 410.302(b) of the Texas Labor Code, which provides:

> (b)    A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must

3

specifically set forth the determinations of the appeals panel by which the party is aggrieved.

TEX. LAB. CODE ANN. § 410.302(b) (West 2006). The statute limits the nature of the remedies that can be considered by the reviewing court and has been consistently analyzed as limiting the reviewing court's jurisdiction to consider specific matters only as described by the statute. *See Tex. Builders Ins. Co. v. Molder*, 311 S.W.3d 513, 518 (Tex. App.—El Paso 2009, no pet.). Thus, it was proper for the trial court to limit its consideration to issues specifically set forth by Castleberry's appeal. Castleberry's appeal of the administrative determination only specifically asserted New Hampshire's liability for his medication for erectile dysfunction.

The plea to the jurisdiction asserted that Castleberry had not properly raised issues concerning the pain medications and, therefore, the trial court had no jurisdiction on those claims; it was never asserted that the trial court had no jurisdiction for the erectile dysfunction medication.

This case involves an appeal from a plea to the jurisdiction; unless it is clear from the pleadings that the court does not have jurisdiction over the controversy, the court should retain the case. *See Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex. 1989). Whether New Hampshire was liable for Castleberry's erectile dysfunction medication was specifically pled and the trial court had jurisdiction to determine that issue. *See State Office of Risk Mgmt. v. Rodriguez*, No. 08-10-00278-CV, 2011 WL 3792818, *5 (Tex. App.—El Paso Aug. 26, 2011, pet. filed). The trial court's ruling improperly disposed of the entirety of the case, including the matter

4

that the company had agreed was properly before the court, even though the defendant had not requested that relief.

New Hampshire prayed only that the subject matter considered by the trial court should be limited to the matters specifically raised in Castleberry's pleading. The dismissal of the entire case constitutes a final and appealable judgment, but one that is erroneous. We, therefore, must reverse the judgment concerning New Hampshire's liability for the erectile dysfunction medication.

We affirm that part of the judgment dismissing the claims for depression, chronic pain syndrome, or myofascial pain syndrome. We reverse the judgment as it pertains to the claim for medication for erectile dysfunction and remand for further proceedings consistent with this opinion.

        Jack Carter
        Justice

Date Submitted:     January 6, 2012
Date Decided:     January 13, 2012

5