**Syed A. AUSAF, Appellant,**

v.

**HIGHLANDS INSURANCE COMPANY, Appellee.**

No. 01–98–00064–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 20, 1999.

---

Joe A. Izen, Jr., Houston, for Appellant.

Reid Grayson Gettys, Leslie M. Henry, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

This is an appeal from the granting of summary judgment in a workers' compensation benefits case. We affirm.

## BACKGROUND

Appellant, Syed A. Ausaf, slipped and fell down the stairs at work, injuring his neck, back, head, and legs. Appellant was employed by O'Donnell Engineering Corporation (d/b/a Texas Energy Coast, Inc.), who carried workers' compensation insurance with Highlands Insurance Company, appellee. Appellant filed a workers' compensation claim, and appellee contested appellant's rights to supplemental benefits. As provided by the Texas Workers' Compensation Act ("Act"), a benefit contested case hearing was conducted by the Texas Workers' Compensation Commission ("Commission") on July 18, 1994 to decide: (1) What is the date of maximum medical improvement (MMI)?, and (2) What is the claimant's impairment rating (IR)? The Commission considered the findings of three doctors. Dr. Faiz, appellant's treating doctor, certified on March 16, 1994,

that appellant would reach MMI on March 21, 1994, and had an IR of 19%. Dr. Larrey examined appellant, and certified appellant reached MMI May 24, 1993, with an IR of 9%. Dr. DeFrancesco, the Commission selected doctor, examined appellant on September 23, 1993, and certified appellant had reached MMI on that date, with an IR of 0%. The hearing officer held that appellant had reached MMI on September 23, 1993, with a IR of 0%. The hearing officer's decision recognized, in the statement of the evidence, that Dr. Faiz's certification listed a prospective date of MMI. Appellant filed a request with the Commission to challenge the hearing officer's findings. A Workers' Compensation Commission Appeals Panel affirmed the decision of the hearing officer.

Appellant filed suit in the district court to appeal the decision of the Commission. Appellee filed a motion for partial summary judgment asserting that pursuant to the Act, a jury is limited to hearing evidence of valid certifications of MMI and IR that were presented to the Commission during the administrative proceedings. Appellee asserted that the certification of Dr. Faiz could not be considered because it contained a prospective MMI date which invalidates the certification. The court granted appellee's partial summary judgment. As a result of the trial court's granting of the partial summary judgment, appellant asserted he was unable to prove his entitlement to judgment because of the limitation to the evidence. The trial court entered a take nothing summary judgment in favor of appellee.

## DISCUSSION

In his sole issue, appellant claims the trial court erred in granting appellee's motion for partial summary judgment for two reasons: (1) appellee's motion was defective because it did not contain a sworn copy of the Commission Appeals Panel decision, and (2) the trial court erred in interpreting the Texas Workers' Compensation Act by limiting the jury's findings to

valid certifications of MMI, and excluding Dr. Faiz's certification.

We review the grant of a motion for summary judgment under the following standards: (1) the summary judgment movant has the burden of showing there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Osborne v. St. Lukes Episcopal Hosp.,* 915 S.W.2d 906, 911 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

### 1. Defective Motion for Partial Summary Judgment

In appellant's first part of his sole issue, he asserts appellee's motion for partial summary judgment is defective because it did not contain a sworn copy of the Commission's panel decision.

Appellant has not properly preserved this point for review. To preserve error on an objection to summary judgment evidence, an order sustaining the objection must be in writing signed, and entered into the record. *Banowsky v. State Farm Mut. Auto. Ins. Co.,* 876 S.W.2d 509, 513 (Tex.App.—Amarillo 1994, no writ). There is no written order sustaining appellant's objection to appellee's summary judgment evidence in the record.

### 2. Exclusion of Evidence and Granting of Partial Summary Judgment

Appellant also claims it was error for the trial court to limit the evidence the jury could consider to valid certifications presented to the Commission.

Appellant asserts that appellee waived any defects in the form of Dr. Faiz's certification report by not objecting to the report before the Commission Appeals Panel. Appellant cites *ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554 (Tex.App.—Fort Worth 1995, writ denied), to support his position. In *ESIS*, the employer did not raise the defense of intoxication at any stage in the administrative process. The court stated that section 410.302 of the Labor Code limits the scope of issues to issues determined by the Commission Appeals Panel. The court held that the defense of intoxication was waived because the issue was never litigated during administrative review. *Id.* at 562.

*ESIS* is distinguishable from the present case. In the present case, the issue of the extent of impairment was at issue during the administrative review. The hearing officer stated in her decision that Dr. Faiz's certification was prospective, and used the Commission-selected doctor's certification to determine the date of appellant's MMI and IR. Appellant appealed the hearing officer's finding, which the Commission Appeals Panel affirmed. The issue of whether Dr. Faiz's certification was valid was an issue before the Commission as evidenced by the hearing officer's statement in her decision.

Therefore, appellee has not waived any defects in Dr. Faiz's certification. We must now decide whether the trial court erred in limiting the evidence the trial court would consider to valid certifications presented to the Commission and excluding Dr. Faiz's certification.

The admission or exclusion of evidence is in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Johnson*, 908 S.W.2d at 559. Judicial review of the Commission's decision is to be conducted in accordance with the provisions in the Labor Code. TEX. LAB. CODE ANN. § 410.301 (Vernon 1996); *see*

*Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 528–30 (Tex.1995) (discussing that a *modified de novo* review of the Commission's decision should be used).

The Labor Code provides that all facts and evidence in the Commission record are admissible to the extent allowed under the Texas Rules of Evidence; however, the Labor Code will control if there is any conflict between the Rules of Evidence and the Labor Code. TEX. LAB.CODE ANN. §§ 410.305, 410.306(b) (Vernon 1996). Section 410.302 provides: "A trial under this subchapter is limited to issues decided by the commission appeals panel and on which judicial review is sought." TEX. LAB. CODE ANN. § 410.302 (Vernon 1996).

Any evidence on the extent of impairment is limited to the evidence presented to the Commission. TEX. LAB.CODE ANN. § 410.306(c) (Vernon 1996). The only exception to this rule is where there has been a substantial change in the complainant's condition. TEX. LAB.CODE ANN. § 410.307 (Vernon 1996).

A certification by a treating doctor is invalid and will not be considered when the doctor's report contains a prospective MMI date. Section 408.123(b) states that the "certifying doctor shall issue a written report certifying that maximum medical improvement *has been* reached." TEX. LAB.CODE ANN. § 408.123(b) (Vernon 1996) (emphasis added). Although neither the Texas Supreme Court nor any Texas Court of Appeals has addressed this issue, an appeals panel of the Commission has held that a prospective date of MMI is improper and invalidates a doctor's certification of MMI as a matter of law. Tex. Workers' Comp.App. Panel, Decision on Appeal, No. 941098, at 6 (1994). The panel stated that a prospective date of MMI is not a date MMI was reached, and an IR cannot be assessed until MMI is reached. *Id.* The appeals panel stated that they would not deviate from this well established position even though the MMI date

was only three days after the claimant's examination. *Id.* We find this analysis persuasive.

Although Dr. Faiz's certification is contained in the Commission's record, his certification contains a prospective MMI date. The Commission hearing officer identified the defect in Dr. Faiz's certification in her written decision. The prospective MMI date invalidated Dr. Faiz's certification, and his certification could not properly be considered in determining appellant's MMI and IR.

Appellant argues that Dr. Faiz's certification is admissible because he could amend his certification, which would then not contain a prospective MMI date and would be a valid certification. We disagree. Even if Dr. Faiz could properly amend his certification, the amended certification would not have been one presented to the Commission. Because section 410.306(c) provides that evidence of the extent of impairment is limited to that presented to the Commission, Dr. Faiz's amended certification would still be inadmissible because it is not evidence presented to the Commission. *See* TEX. LAB.CODE ANN. § 410.306(c).

Because Dr. Faiz's certification is invalid, the trial court correctly excluded his certification from consideration. We hold the trial court did not abuse its discretion in limiting the evidence the jury would consider to valid certifications contained in the Commission's records, and excluding the certification of Dr. Faiz.

We overrule appellant's sole issue.

We affirm the trial court's judgment.