In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00076-CV

                                                ______________________________

 

 

                    STATE OFFICE OF RISK MANAGEMENT,
Appellant

 

                                                                V.

 

                                 ELAINE E. BANKS JOINER, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 419th
Judicial District Court

                                                             Travis County, Texas

                                                 Trial Court No. D-1-GN-08-000326

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

I.          Background

 

            This
workers’ compensation case emanates from a slip and fall injury Elaine E. Banks
Joiner sustained while employed by the Texas Department of Health and Human
Services in July 2004.[1]  As a result of her fall, Joiner underwent a
distal clavicle resection arthroplasty of the right shoulder and a partial
lateral menisectomy of the right knee.  

            Joiner’s
treating physician, Brent Davis, M.D., examined her on July 17, 2006, issued a
report finding a maximum medical improvement date of July 5, 2006,[2] and
assessed a permanent impairment rating of thirty-four percent for Joiner.  Davis later issued a TWCC-69 report of
medical evaluation, which indicated a clinical maximum medical improvement date
of July 17, 2006.  The Department of
Insurance—Division of Workers’ Compensation (the Division) appointed Elliot
Bader, M.D., as the designated doctor.[3]  Bader examined Joiner on September 25,
2006, and originally issued a report finding maximum medical improvement on
July 3, 2006, and assessing a permanent impairment rating of seven
percent.  In January 2007, the Division
sent Bader a request for a letter of clarification asking if Davis’ assessment
changed Bader’s impairment rating assignment. 
In response, Bader issued a letter of clarification maintaining his
seven percent rating, with a request to re-examine Joiner’s right shoulder.  After having conducted the requested
re-examination, Bader issued an addendum, again maintaining his seven percent
rating. 

            In
May 2007, a second letter of clarification was sent to Bader asking him for the
right shoulder range-of-motion measurements taken on February 13, 2007, and
informing him that the date of statutory maximum medical improvement was July
10, 2006.  Bader issued a second letter
of clarification in June 2007, once again maintaining his seven percent
rating.  The letter included a new form
DWC-69 indicating a seven percent impairment rating as of July 10, 2006, the
statutory date of maximum medical improvement.[4]  

            There
is nothing in the record to indicate Davis was advised, as was Bader, of the
maximum medical improvement date of July 10, 2006.[5]  Davis did not issue an amended report of
medical evaluation based on this date.  

            The
dispute resulting in the instant appeal centered on the competing impairment
ratings from Bader and Davis.  Bader’s
seven percent rating is based on Joiner’s condition as of July 10, 2006, versus
Davis’ thirty-four-percent rating based on Joiner’s condition as of July 5,
2006.[6]

            A
contested case hearing was held in October 2007, where the issue was, “What is
the Claimant’s impairment rating?”  The
Division’s hearing officer found that Bader’s assigned impairment rating of
seven percent was not supported by the preponderance of the evidence, but that Davis’
impairment rating of thirty-four percent was made in accordance with the
American Medical Association (AMA) Guides to the Evaluation of Permanent
Impairment and is supported by a preponderance of the evidence.  The hearing officer concluded that Joiner’s
impairment rating was thirty-four percent. 


            The
SORM appealed the hearing officer’s determination to the Division Appeals
Panel.  The Appeals Panel reversed the
hearing officer’s finding that Joiner’s impairment rating was thirty-four
percent, and found that it was seven percent, based on Bader’s report.  The Appeals Panel reasoned:

In
the instant case, the hearing officer determined that the claimant’s IR is 34% as
assigned by Dr. D based on an MMI date of July 17, 2006.  As previously mentioned, the parties
stipulated that the date of MMI was July 10, 2006.  Because Dr. D assigned an IR that was not
based upon the claimant’s condition on the stipulated date of MMI, July 10,
2006, the 34% IR assigned by Dr. D cannot be adopted.  Accordingly, we reverse the hearing officer’s
determination that the claimant’s IR is 34%. 

 

            Joiner
appealed the decision of the Appeals Panel to the district court.  The district court rendered judgment in favor
of Joiner and ordered the SORM to adopt the impairment rating of thirty-four
percent given by her treating physician, and as found by the Texas Workers’
Compensation Commission hearing officer.[7]  The SORM appeals the decision of the trial
court.  We affirm that decision.

II.        Standard of Review

            The
Texas Workers’ Compensation Act provides that a party who has exhausted its
administrative remedies and is aggrieved by a final decision of the appeals
panel may seek judicial review of the appeals panel decision.  Tex.
Lab. Code Ann. § 410.251 (West 2006 ); Cont’l Cas. Ins. Co. v.
Functional Restoration Assocs.,
19 S.W.3d 393, 398 (Tex. 2000).  Issues
regarding compensability or eligibility for benefits may be tried to a jury and
are subject to a modified de novo review.  Tex.
Lab. Code Ann. § 410.301 (West 2006); Morales v. Liberty Mut. Ins.
Co., 241 S.W.3d 514, 516–18
(Tex. 2007); Tex. Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 504, 528 (Tex. 1995).  Review is limited to the issues that were
before the Commission appeals panel; however, the fact-finder does not simply
review the appeals panel decision for reasonableness, but decides the issues
independently based on a preponderance of the evidence.  Tex.
Lab. Code Ann. §§ 410.302–.303 (West 2006); Garcia, 893 S.W.2d at 531.  In this case, the trial court correctly
applied a modified de novo standard of review to the issue of Joiner’s
impairment rating.[8]  

            Under
this standard, the trial court is informed of the Commission’s decision.  Garcia,
893 S.W.2d at 528.  The trial court is not
required to accord that decision any particular weight, however.  Id.
at 515.  In addition, the designated
doctor’s opinion regarding impairment is accorded no special weight.  Id.;
Abilene Indep. Sch. Dist. v. Marks,
261 S.W.3d 262, 268 (Tex. App.—Eastland 2008, no pet.).  

            Evidence
of the extent of impairment is limited in the trial court to that presented to
the Commission unless the trial court finds the claimant’s condition has
substantially worsened.  Garcia, 893 S.W.2d at 515.  Finally, the fact-finder is required to adopt
the specific impairment rating arrived at by one of the physicians who examined
the claimant.[9]  Id.;
Tex. Lab. Code Ann. § 410.306(c)
(West Supp. 2011); State Office of Risk Mgmt.
v. Rodriguez, No. 08–10–00278–CV, 2011 WL 3792818, at *6 (Tex. App.—El
Paso, Aug. 26, 2011, no pet.).  The party
appealing the impairment rating decision has the burden of proof by a
preponderance of the evidence.  See Tex.
Lab. Code Ann. § 410.303; Marks,
261 S.W.3d at 268.

            The
trial court made findings of fact and conclusions of law.  The SORM does not specifically challenge any
of the trial court’s findings of fact; rather, it challenges the ultimate
conclusion of law that Joiner’s impairment rating was thirty-four percent.

            We
review a trial court’s conclusions of law de novo.  Villagomez v. Rockwood Specialties, Inc., 210 S.W.3d 720, 727
(Tex. App.—Corpus Christi 2006, pet. denied). 
Conclusions of law may not be challenged for factual sufficiency, but
are reviewed to determine their correctness based upon the facts.  Rischon
Dev. Corp. v. City of Keller, 242 S.W.3d 161, 166 (Tex. App.—Fort Worth
2007, pet. denied); Nat’l Union Fire Ins.
Co. v. Burnett, 968 S.W.2d 950, 953 (Tex. App.—Texarkana 1998, no
pet.).  We will uphold conclusions of law
if the judgment can be sustained on any legal theory supported by the evidence.
 City of Houston v. Cotton, 171 S.W.3d 541, 546 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied). 
Thus, incorrect conclusions of law do not require reversal if the controlling
findings of fact support the judgment under a correct legal theory.  Id.

III.       Issues on Appeal 

            On
appeal, the SORM argues the Davis report is invalid because (1) it does not
reflect Joiner’s condition as of the stipulated date of MMI, (2) it reflects
Joiner’s condition past the cut-off of statutory MMI, and (3) Davis did not
calculate his impairment rating in accordance with the AMA Guides to the
Evaluation of Permanent Impairment.  The SORM
further complains that (1) the trial court was obligated to adopt the
seven percent impairment rating certified by Bader, and (2) the trial court did
not have jurisdiction over the date of maximum medical improvement.

IV.       Analysis

            A.        Validity of Davis’ Certification—Maximum
Medical Improvement

            The SORM
initially complains that Davis’ certification is invalid because it fails to
reflect the stipulated date of maximum medical improvement.  The impairment rating for the current
compensable injury must be based on Joiner’s condition as of the MMI date considering
the medical record and the certifying examination.[10]  28 Tex.
Admin. Code Ann. § 130.1(c)(3) (West, Westlaw current through
2011) (Tex. Dep’t of Ins., Div. of Workers’ Compensation, Certificate of
Maximum Med. Improvements & Evaluation of Permanent Impairment); Tex. Builders Ins. Co. v. Molder, 311
S.W.3d 513, 520 (Tex. App.—El Paso 2009, no pet.).

            Davis’
report of July 26, 2006, indicated that he examined Joiner on July 17,
2006.  The report reflects maximum
medical improvement on July 5, 2006, with an impairment rating of thirty-four
percent.[11]  Bader’s report of September 25, 2006,
concluded that Joiner reached maximum medical improvement on July 3, 2006, and
had an impairment rating of seven percent. 
Bader later supplemented his report to indicate a maximum medical
improvement date of July 10, 2006.  The SORM
contends that the parties stipulated to the MMI date of July 10, 2006, and
therefore any assignment of impairment rating must be made as of that
date.  28 Tex. Admin. Code § 130.1(c)(3) (impairment rating must
be based on condition as of MMI date); see
also Pac. Employers Ins. Co. v. Brown,
86 S.W.3d 353, 360 (Tex. App.—Texarkana 2002, no pet.).  

            On
appeal, neither party claims July 10, 2006, was not the statutory MMI date for
Joiner.[12]  Rather, the SORM contends the Davis report is
invalid on its face because it is not based on Joiner’s MMI date of July 10,
2006.  The SORM further contends that
because the report is invalid, it cannot be considered, and is thus no evidence
of Joiner’s impairment rating.  This is a
question of statutory interpretation, and is thus a question of law:  is the consequence of noncompliance with 28 Tex. Admin. Code § 130.1(c)(3) a
complete disregard of the noncompliant impairment rating?  In other words, when a physician’s report of
impairment fails to base the claimant’s condition on the date of maximum
medical improvement (in this case, July 10, 2006), is that impairment rating
invalid and not worthy of consideration as evidence?  

            According
to the Division, the rule is to be so interpreted.  See
Appellant v. Respondent, Appeal No.
071398, 2007 WL 4139223, at *3 (Tex. Work. Comp. Com. Sept. 28, 2007) (“In the
instant case, the hearing officer determined that the claimant’s IR is 9% as
assigned by Dr. B, but it is based on a MMI date of July 19, 2006, which is
different than the July 26, 2006, MMI date stipulated by the parties.  Accordingly, we reverse the hearing officer’s
determination that the claimant’s IR is 9% as assigned by Dr. B as not being
based on the claimant’s condition as of the July 26, 2006, date of MMI.”); Appellant v. Respondent, Appeal No.
070867, 2007 WL 2446083, at *2 (Tex. Work. Comp. Com. July 6, 2007) (“Because
Dr. L. assigned an IR that was not based upon the claimant’s condition on the
agreed date of MMI, January 10, 2005, the 2% IR assigned by Dr. L cannot be
adopted.”); Appellant v. Respondent,
Appeal No. 070782, 2007 WL 2446080, at *2 (Tex. Work. Comp. Com. June 25,
2007) (“Because Dr. L assigned an IR that was not based on the claimant’s
condition upon the stipulated date of MMI, August 17, 2006, the 10% IR assigned
by Dr. L cannot be adopted.”); Appellant
v. Respondent,  Appeal  No. 040514, 2004 WL 1567412, at *3 (Tex.
Work. Comp. Com. Apr. 28, 2004) (“Because the treating doctor’s certification
of IR was not based upon the claimant’s condition on the stipulated date of
MMI, February 9, 2001, it cannot be adopted.”).

            Because
the issue before us involves a question of statutory interpretation, it is a
question of law.  The administrative
determination of a question of law is not entitled to a presumption of
validity.  Tex. Mut. Ins. Co. v. Sonic Sys. Int’l, Inc., 214 S.W.3d 469, 476 (Tex. App.—Houston [14th Dist.] 2006,
pet. denied); Sonic Drive-In of
Raymondville, Tex., Inc. v. Hernandez, 797 S.W.2d 254, 256 (Tex.
App.—Corpus Christi 1990, writ denied). 
Neither the trial court nor the appellate court is bound by an administrative
agency’s construction of one of its statutes. 
Tex. Mut. Ins. Co., 214 S.W.3d
at 476.[13]  

            When
interpreting statutes, we attempt to ascertain and give effect to the
Legislature’s intent.  Powell v. Stover, 165 S.W.3d 322, 326
(Tex. 2005).  We ascertain that intent by
first looking to the plain and common meaning of the statute’s words.  Id.;
Tex. Mut. Ins. Co., 214
S.W.3d at 476.  We must also view a
statute’s terms in context and give them full effect.  Tex.
Mut. Ins. Co., 414 S.W.3d at 476.  When
examining the provisions within the Texas Workers’ Compensation Act, we should
keep in mind the comprehensive nature of the Act.  Id.  If the meaning of the statutory language is
unambiguous, a court must interpret it according to its terms consistent with
other provisions in the statute.  Tex.
Dep’t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).  A court also considers the objective the law
seeks to obtain and the consequences of a particular construction.  Id. 

            28
Tex. Admin. Code § 130.1(c)(3)
provides, in pertinent part:

Assignment
of an impairment rating for the current compensable injury shall be based on
the injured employee’s condition as of the MMI date considering the medical
record and certifying examination.

 

Because Davis’ report utilizes July
5, 2005, as the date of maximum medical improvement, rather than July 10, 2006,
it technically fails to comply with Section 130.1(c)(3).  We do not, however, conclude that this
technical lack of compliance should result in the determination that the report
cannot be considered as evidence of Joiner’s impairment rating on the date of
maximum medical improvement—July 10, 2006. 
The preamble to Rule 130.1(c)(3) states:

The
new language in § 130.1(c)(3) states that an IR assessment for an injured
employee must be based on the injured employee’s condition as of the MMI date.
This change clarifies that IR assessments must be based on the injured
employee’s condition as of the date of MMI and shall not be based on changes in
the injured employee’s condition occurring after that date, such as when the
injured employee’s condition changes as a result of surgery that takes place
after the date of MMI.

 

29 Tex. Reg. 2337 (2004). 
Thus, the intent of the rule is to ensure the impairment rating does not
take into account any changes in the employee’s condition occurring after the
date of maximum medical improvement. 
Here, there is no evidence to suggest Joiner underwent surgery or
suffered any additional physical problems between July 10, 2006 (the date of
statutory maximum medical improvement) and July 17, 2006 (the date of Davis’
examination of Joiner for purposes of assigning an impairment rating and the
date listed on his TWCC-69 report as the clinical maximum medical improvement
date).  Further, there is no evidence
that Joiner’s condition changed in any way during the five-day period between
July 5, 2006 (the date of maximum medical improvement listed in Davis’ July 26
report) and July 10, 2006.  Thus, the
utilization of Davis’ certification as evidence of Joiner’s impairment on July
10, 2006, does not frustrate the intent of the rule.  

            Further,
nothing in the plain language of the rule indicates the Legislature intended to
render an impairment rating of a certain date as “no evidence” of the
impairment rating as of another date. 
That is, the rule does not state the consequence of noncompliance.  We cannot read into the rule a consequence of
noncompliance—the complete omission of Davis’ report —which is not included in
the rule and which would not effectuate the intent of the rule in this
case.  

            In
the absence of a statutory basis for interpreting this rule as one of evidence
applicable in a district court, it cannot be so interpreted.  The Texas Rules of Evidence (and interpretive
caselaw) govern issues of evidentiary sufficiency.  See Tex. Lab. Code Ann. § 410.305 (West
2006) (Texas Rules of Civil Procedure and any other rules adopted by the Texas
Supreme Court control, unless in conflict with this subchapter); Tex. Lab. Code Ann. § 410.306(b) (West
Supp. 2011) (all facts and evidence the record contains are admissible to
extent allowed under Texas Rules of Evidence). 
Here, we find no conflict between the provisions of the Texas Labor Code
governing workers’ compensation and the Rules of Evidence.  

            Because
there is no statutory basis for the appeals panel or the trial court to
disregard evidence, we conclude the trial court was correct in refusing to
disregard Davis’ report.[14]  Further, the trial court was correct in
concluding Davis’ report, including his opinion of Joiner’s impairment as of
two years after the accident, is evidence of the extent of those impairments as
of two years and five days after the accident. 


            We
overrule the SORM’s initial complaint that Davis’ certification is invalid
because it fails to reflect the correct date of maximum medical
improvement.  

B.        Validity of Davis’
Certification—Maximum Medical Improvement Date Past Statutory Deadline

 

            Next,
the SORM claims Davis’ certification is invalid because it lists the date of
Joiner’s clinical maximum medical improvement seven days after the statutory
date of maximum medical improvement.  We
have heretofore determined that the Davis certification technically failed to
comply with 28 Tex. Admin. Code §
130.1(c)(3) because it utilizes an incorrect date of maximum medical
improvement.  We have nevertheless
determined that the certification is some evidence of Joiner’s impairment on
the correct date of maximum medical improvement.  The SORM’s argument here, that the clinical
maximum improvement date is beyond statutory medical improvement, does not
change our preceding analysis.[15]  It is simply a different twist on the same
issue—whether the Davis certification is not to be considered as evidence of
Joiner’s impairment because it is based on an incorrect date of maximum medical
improvement.  We have determined that Davis’
certification was correctly considered as evidence of Joiner’s impairment on
July 10, 2006.[16]

C.        Validity of Davis’
Certification—Failure to Comply with AMA Guides

 

            In
its final point of error, the SORM contends Davis’ certification of impairment
is invalid because it fails to comply with AMA Guides.  The AMA Guides to the Evaluation of Permanent
Impairment have been incorporated into the Texas Workers’ Compensation Act by
statute.  Tex. Lab. Code Ann. § 408.124(b) (West 2006) (“the division
shall use ‘Guides to the Evaluation of Permanent Impairment,’ . . . .”).  

            Cochran,
the SORM’s expert witness in the area of disability and impairment medicine,
testified that Davis utilized range of motion measurements in Joiner’s right
shoulder and right knee that are inconsistent with measurements taken by Bader
in September 2006 and in February 2007, and thus, Davis’ measurements are
invalid.  Cochran further testified that
Davis incorrectly assigned impairment for flexion and extension in Joiner’s
knee, which is prohibited by the AMA Guides. 
Therefore, according to Cochran, Davis’ thirty-four percent impairment
rating is medically invalid and cannot be adopted.  

            A
district court trial of a workers’ compensation case “is limited to issues
decided by the appeals panel and on which judicial review is sought.  The pleadings must specifically set forth the
determinations of the appeals panel by which the party is aggrieved.”  Tex.
Lab. Code Ann. § 410.302(b).[17]  The appeals panel in this case did not decide
the issue of whether Davis’ certification was invalid for the reason that it
allegedly failed to comply with AMA Guides.[18]  Instead, the decision of the appeals panel
was limited to the issue of whether Davis’ certification was invalid because it
contained an incorrect date of maximum medical improvement:

Because
Dr. D assigned an IR that was not based upon the claimant’s condition on the
stipulated date of MMI, July 10, 2006, the 34% IR assigned by Dr. D cannot be
adopted.  Accordingly, we reverse the
hearing officer’s determination that the claimant’s IR is 34%.

 

Because the issue of whether Davis’
report was invalid under the AMA Guides was not decided by the appeals panel or
the trial court, this Court may not decide this issue for the first time on
appeal.  Tex. R. App. P. 33.1; Tex.
Lab. Code Ann. § 410.302(b).

V.        Conclusion

            We
affirm the judgment of the trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          December 28, 2011

Date
Decided:             January 12, 2012

 

 











[1]Originally
appealed to the Third Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts.  See
Tex. Gov’t Code Ann. § 73.001
(West 2005).  We are unaware of any
conflict between precedent of the Third Court of Appeals and that of this Court
on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]“Maximum
medical improvement” is defined as the earlier of “the earliest date after
which, based on reasonable medical probability, further material recovery from
or lasting improvement to an injury can no longer reasonably be anticipated”
(referred to as “clinical maximum improvement”) or “the expiration of 104 weeks
from the date on which income benefits begin to accrue” (referred to as
“statutory maximum medical improvement”). 
Tex. Lab. Code Ann. §
401.011(30) (West Supp. 2011); Fireman’s
Fund Ins. Co. v. Weeks, 259 S.W.3d 335, 340 (Tex. App.—El Paso 2008, pet.
denied).  In order to obtain impairment
benefits, an employee must be certified by a doctor as having reached maximum
medical improvement and must be assigned an impairment rating by a certifying
doctor.  Tex. Lab. Code Ann. § 408.123(a) (West 2006).  An impairment rating is defined as “the
percentage of permanent impairment of the whole body resulting from the current
compensable injury.”  28 Tex. Admin. Code § 130.1(c)(1) (West,
Westlaw current through 2011) (Tex. Dep’t of Ins., Div. of Workers’
Compensation, Certificate of Maximum Med. Improvements & Evaluation of
Permanent Impairment).





[3]“Designated
doctors” are doctors appointed by mutual agreement of the parties or by the
Division to recommend a resolution of a dispute as to the medical condition of
an injured employee.  Tex. Lab. Code Ann. § 401.011(15) (West
Supp. 2011); see 28 Tex. Admin. Code Ann. §§ 130.1, 130.6
(West, Westlaw current through 2011) (Tex. Dep’t of Ins., Div. of Workers’
Compensation, Designated Doctor Examinations for Maximum Med. Improvement
and/or Impairment Ratings).   

 





[4]To
certify maximum medical improvement and assign an impairment rating, the
certifying doctor makes a written “Report of Medical Evaluation.”  28 Tex.
Admin. Code Ann. § 130.1(d) (West, Westlaw current through 2011) (Tex.
Dep’t of Ins., Div. of Workers’ Compensation, Certificate of Maximum Med.
Improvements & Evaluation of Permanent Impairment).  A report of medical evaluation is comprised
of a one-page Division-generated form (the “DWC-69”), and the accompanying
medical narrative.  In re Xeller, 6 S.W.3d 618, 621 & n.3 (Tex. App.—Houston [14th
Dist.] 1999, orig. proceeding).





[5]The
hearing officer presiding over the contested case hearing made a finding that
the parties (Joiner and the State Office of Risk Management (SORM)) stipulated that
Joiner reached maximum medical improvement on July 10, 2006. 

 





[6]The
clinical MMI date listed later by Davis was July 17, 2006.  





[7]The
trial court issued findings of fact and conclusions of law.  The findings of fact are as follows:

 

1.             Ms. Elaine E. Banks Joiner (Ms.
Joiner) was employed by the Department of Health and Human Services when she
sustained an injury during the course and scope of her employment on July 5,
2004.

 

2.             She injured her right knee and
right shoulder in the course and scope of her employment and had surgery on
both compensable body parts.

 

3.             The Department of Insurance —
Division of Workers’ Compensation (the Department) alleged that the parties
stipulated to the date of July 10, 2006 as the statutory date of maximum
medical improvement (MMI).

 

4.             Ms. Joiner testified that Regina
Cleave, Benefit Review Officer for the Department, stated that her MMI date was
July 10, 2006, thus, she did not stipulate to such.

 

5.             Ms. Joiner’s treating physician,
Brent Davis, M.D. (Dr. D.), examined her on July 17, 2006.

 

6.             Dr. D. issued a report finding
clinical MMI date of July 17, 2006 and assessing a permanent impairment rating
(IR) of 34% for Ms. Joiner.  

 

7.             The Department appointed Elliot
Bader, M.D. (Dr. B.), as the designated doctor.

 

8.             Dr. B. examined Ms. Joiner on
September 25, 2006.

 

9.             Dr. B. originally issued a report
finding statutory MMI on July 3, 2006 and assessing a permanent impairment
rating (IR) of 7%.

 

10.          Ms. Regina Cleave, Benefit Review
Officer for the Department, sent a letter dated May 23, 2007, to Dr. B.
informing him that “the insurance carrier confirmed that the date of statutory
MMI is July 10, 2006.” 

 

11.          Dr. B. amends his report to reflect
the changed MMI date to July 10, 2006.

 

12.          Dr. D. is not notified by the
Department of the confirmation of statutory date of July 10, 2006, thus, he is
not afforded an opportunity to change or amend his report.

 

13.          The designated doctor was given an
opportunity to amend his report to reflect the allegedly stipulated-to MMI date
of July 10, 2006.

 

14.          The treating doctor did not have an
opportunity to amend his report to reflect the allegedly stipulated-to MMI date
of July 10, 2006.

 

15.          The treating doctor’s examination took
place on the “as of” date of 2 years and 12 days whereas the designated doctor’s
examination took place months after has [sic] stated “as of” date.

 

16.          A contested case was held on October
2, 2007, in Austin, Texas.

 

17.          The Department’s hearing officer, Gary
L. Kilgore, found that the 34% IR assessed by Dr. D. was made in accordance
with the Guides to the Evaluation of Permanent Impairment, fourth edition and
is supported by a preponderance of the evidence.

 

18.          The insured appealed this decision
pursuant to Texas Workers’ Compensation Act, Tex. Lab. Code Ann. § 401.001 et seq. (1989 Act).

 

19.          The Appeals Panel decided that Dr. D.’s
report could not be considered because of the incorrect MMI date of July 17,
2006.

 

20.          The Appeals Panel adopted Dr. B.’s
amended report, certifying the date of MMI as July 10, 2006, and assigning a 7%
IR.

 

21.          Any of the above Findings of Fact
which may later be determined to be Conclusions of Law shall be deemed as such.

 

The conclusions of law are as
follows:

 

1.             In a trial to the court without a
jury, the court in rendering its judgment on an issue described by Section
410.301(a) shall consider the decision of the appeals panel.  Tex. Lab. Code §410.304(b).

 

2.             This dispute involves
compensability or eligibility for or the amount of income benefits, therefore,
the review of the Commission appeals panel decision is a modified de novo
standard.

 

3.             The party appealing the decision on
an issue described in Section 410.301(a) has the burden of proof by a
preponderance of the evidence.

 

4.             Evidence of the extent of impairment
is limited to that presented to the Division absent a finding that the claimant’s
condition has substantially changed, and the court can only adopt a specific
impairment rating arrived at by one of the doctors in the case.

 

5.             The court, as trier of fact, is to
consider the Division’s decision and it is not required to accord the decision
any particular weight.

 

6.             The opinion of the designated
doctor regarding impairment is accorded no special weight.

 

7.             Rule 130.1(c) 3 states that “assignment
of an impairment rating for the current compensable injury shall be based on
the injured employee’s condition as of the MMI date considering the medical
record and the certifying examination.”

 

8.             It is disputed that the parties
stipulated to the MMI date as of July 10, 2006.

 

9.             Rule 130.1 does not state an
evidentiary consequence of a misstated MMI date.  There is no statutory basis for the Appeals
Panel to disregard evidence, i.e., the treating doctor’s report, based on a
treating doctor misstating the MMI date by 7 days.

 

10.          Tex. Lab. Code §410.305 and 306 state
that the Texas Rules of Evidence and case law govern the legal sufficiency of
evidence.  Thus, a physician opinion of
the extent of those impairments as of 2 years and 12 days after the accident is
evidence of the extent of those impairments as of 2 years and 5 days.

 

11.          The Department’s hearings officer
found the treating doctor’s IR by the preponderance of the evidence.

 

12.          Any of the above Conclusions of Law
which may be determined to be Findings of Fact shall be deemed as such.

 





[8]The
Texas Supreme Court has determined that an appeal challenging an impairment
rating is subject to review under Section 410.301 of the Texas Labor Code
because it “directly affects eligibility for and the amount of benefits due.”  Rodriquez v. Serv. Lloyds Ins. Co., 997
S.W.2d 248, 253 (Tex. 1999).





[9]An
injured worker qualifying for impairment income benefits receives seventy
percent of his average weekly wage.  Tex. Lab. Code Ann. § 408.126 (West
2006).  These benefits are available from
the date MMI is certified and continue for three weeks for every percentage
point of impairment.  Tex. Lab. Code Ann. § 408.121(a) (West
2006); Fulton v. Associated Indem. Corp., 46 S.W.3d 364, 366 (Tex. App.—Austin 2001, pet. denied).  If the impairment rating is fifteen percent or
greater, the employee may qualify for supplemental income benefits, which
provide long-term disability compensation.  Tex. Lab.
Code Ann. § 408.142(a) (West 2006).





[10]The
preamble of Rule 130.1(c)(3) clarifies that the IR must be based on the injured
worker’s condition as of the date of MMI and should not be based on changes in
the injured employee’s condition occurring after that date, such as when the
injured employee’s condition changes as a result of surgery that takes place
after the date of MMI.  See Appellant v. Respondent, No. 072242,
2008 WL 687180 (Tex. Work. Comp. Com. Feb. 13, 2008) (discussing Rule
130.1(c)(3)). 





[11]Throughout
its brief, the SORM indicates that Davis’ report found Joiner reached clinical
maximum medical improvement on July 17, 2006. 
The SORM fails to mention Davis’ report, dated July 26, 2006, which
indicates an MMI date of July 5, 2006. 
For purposes of our legal analysis, the difference in the two dates is
insignificant. 

 





[12]The
Division hearing officer found that the parties stipulated at the contested
case hearing that Joiner’s date of MMI was July 10, 2006.  Joiner did not appeal that finding of fact to
the Division Appeals Panel, so Joiner’s date of MMI cannot be disputed on
judicial review.  See Tex. Lab. Code Ann.
§ 410.302(b) (trial limited to issues decided by appeals panel and on which
judicial review sought).  Nevertheless,
the trial court found that “Regina Cleave, Benefit Review Officer for the
Department, stated that [Joiner’s] MMI date was July 10, 2006, thus, she did
not stipulate to such.”  The trial court
concluded that “[i]t is disputed that the parties stipulated to the MMI date as
of July 10, 2006.”  Because Joiner
did not appeal the issue of the correct MMI date to the Appeals Panel or to the
trial court, this issue has not been preserved for our review.  We thus do not address this issue further.





[13]However,
“the construction of a statute by an agency charged with its execution is entitled
to serious consideration unless the agency’s construction is clearly
inconsistent with the Legislature’s intent.” 
Tex. Water Comm’n v. Brushy Creek
Mun. Util. Dist., 917 S.W.2d 19, 21 (Tex. 1996).





[14]We
are aware of the Houston court’s opinion in Ausaf
v. Highlands Ins. Co., 2 S.W.3d 363, 366 (Tex. App.—Houston [1st Dist.]
1999, pet. denied), in which the court held that a certification by a treating
doctor was invalid and not to be considered because the doctor’s report
included a prospective maximum medical improvement date.  This decision is based on Section 408.123(b)
of the Texas Labor Code, which states that the “certifying doctor shall issue a
written report certifying that maximum medical improvement has been reached.”  Tex. Lab. Code Ann. § 408.123(b) (West
2006) (emphasis added).  Ausaf is distinguished from this case
because it involved a prospective date of maximum medical improvement—that is,
beyond the date of the claimant’s physical examination.  Further, the Labor Code provides it will control
if there is any conflict between the Rules of Evidence and the Labor Code.  Tex.
Lab. Code Ann. §§ 410.305–.306(b). 
The provisions of Section 408.123(b) of the Labor Code could be
interpreted to conflict with the Rules of Evidence.  Here, we find no conflict between the
provisions of the Labor Code and the Rules of Evidence.





[15]Because
Davis listed the date of maximum medical improvement as July 5, 2006, on his
July 26 report, this argument is not factually persuasive.  

 





[16]Casey
Cochran, D.O., testified at trial on behalf of the SORM.  Cochran opined that the Davis certification
is invalid because the date of maximum medical improvement was assigned past
the statutory date.  Cochran’s testimony
is consistent with Rule 130.1(b) and (c), which makes statutory maximum medical
improvement the latest maximum medical improvement date that can be chosen, and
requires the impairment rating be made as of the date of maximum medical
improvement.  28 Tex. Admin. Code Ann. § 130.1(b), (c)(3) (West, Westlaw current
through 2011) (Tex. Dep’t of Ins., Div. of Workers’ Compensation, Certificate
of Maximum Med. Improvements & Evaluation of Permanent Impairment).  Nevertheless, neither the rule nor Cochran’s
testimony indicate that a certificate of impairment utilizing an incorrect date
of maximum medical improvement cannot be utilized as evidence of impairment on
the correct date of maximum medical improvement, where there have been no
intervening surgeries or injuries.  





[17]The
SORM utilizes the statutory limitation on issues subject to judicial review to
support its argument that the date of maximum medical improvement could not be
decided by the trial court.  We
agree.  However, the SORM cannot now
ignore the statute and raise an issue on appeal that was not decided by the
appeals panel, and upon which judicial review was not sought.

 





[18]In
his decision and order, however, the hearing officer specifically found that Davis’
impairment rating was made in accordance with the AMA Guides and is supported
by a preponderance of the evidence.